[No. 2304.]

THE CATLIN CONSOLIDATED CANAL COMPANY v. EUSTER.

1. **Evidence—Appellate Practice—Assignment of Error.**

Where there is no assignment of error to the rulings of the trial court on the admission of evidence and the competency of the witnesses is admitted, objections to the admission of such evidence urged in appellant's brief will not be considered.

2. **Instructions—Evidence.**

Where the evidence was conflicting and there was sufficient

competent evidence of damage before the jury to justify a recovery, a motion to instruct the jury to return a verdict for defendant was properly denied.

3. **Instructions—Measure of Damages—Irrigation Ditches— Overflow.**

In an action for damages for the destruction of crops by the overflow of an irrigating ditch, an instruction given that "the measure of damage is the value of the crop destroyed, taking into consideration its market value after harvested, and the cost of seeding, caring for, harvesting and marketing the crop, and the value of the crop is measured by the amount of crop produced on like and similar lands in the neighborhood in which the land is located, taking into consideration all elements as to the probable yield of the land in controversy," correctly stated the law, and it was not error to refuse a further instruction requested upon the measure of damage, although not objectionable as a statement of the law.

4. **Instructions—Requested.**

It is not error to refuse instructions requested when they are substantially embodied in the instructions given.

*Appeal from the District Court of Otero County.*

Mr. Fred A. Sabin, for appellant.

No appearance for appellee.

Maxwell, J.

Appellee, as the owner of farming land adjoining the irrigating canal of appellant, sued for the recovery of $310.50 damages alleged to have been sustained by him on account of the destruction of a growing crop and injury to his land, occasioned by an overflow of water from appellant's canal through negligence of appellant, its officers, agents and employees.

Trial to a jury. Verdict for appellee of $42.00, upon which judgment was rendered, from which this appeal.

About May 12th, 1897, an overflow of water from appellant's ditch submerged several acres of

appellee's land, upon which there was a growing crop of alfalfa and oats; the overflow being occasioned by an obstruction at a waste gate, and siphon on the line of the canal.

The testimony is contradictory as to the length of time the land was submerged, and as to whether or not more than one overflow occurred during the spring and summer of 1897.

The evidence of the plaintiff, to prove the damage which had been sustained by him, took a wide range, some of which might have been objectionable, but as no errors are assigned to the rulings of the court upon the admission of such evidence, the competency of the witnesses being conceded, objections to the admission of such evidence, urged by counsel for appellant in his brief, will not be considered.

As an affirmative defense appellant alleged, and attempted to prove, that the submergence was due to seepage and waste water, over which it had no control, and which was under the control of appellee; and that the appellee himself willfully blockaded or obstructed the flow of water in the canal. Much testimony was introduced upon these points, and as is always the case upon controverted points, this testimony was decidedly contradictory.

At the close of plaintiff's testimony defendant moved the court to instruct the jury to return a verdict for the defendant, which motion was overruled and error assigned thereon.

The court was justified in this ruling. There was proper and competent evidence of damage before the jury, for which recovery could be legally had. The amount of damage was purely a question of fact to be determined from the evidence. These questions of fact were properly left to the determination of the jury.

The appellant asked five instructions, all of

which were refused. The refusal to give each of the five is assigned as error.

The first instruction requested is clearly objectionable, as it was a positive instruction to find for the defendant, which question had been correctly ruled upon by the court, and so decided here.

The second instruction requested was a statement of the measure of damages in cases of this character, and while not objectionable, is fully covered by the instructions given by the court upon this point, substantially thus:

The measure of damage is the value of the crop destroyed, taking into consideration its market value after harvested, and the cost of seeding, caring for, harvesting and marketing the crop, and the value of the crop is measured by the amount of crop produced on like and similar lands in the neighborhood in which the land is located, taking into consideration all elements as to the probable yield of the land in controversy. The above statement of the law is in accordance with the principles announced by this court in *Colo. Cons. Land & Water Co. v. Hartman,* 5 Colo. App. 150.

The third instruction requested related to the duties and obligations resting upon appellant in the operation of its canal, in so far as third persons were concerned, and is likewise covered by the instructions given by the court, wherein the jury was told, that the burden was upon the plaintiff to prove by a fair preponderance of evidence, that the crops were injured through the fault and negligence of the defendant, its agents or employees.

No just complaint can be made by appellant at the court's refusal to give instructions four and five, as requested, for the reason that the points involved therein were given to the jury by the court in terms more favorable to appellant than had been requested,

to the following effect: That if, notwithstanding the overflow from appellant's ditch, no injury would have been done, had it not been for seepage or action of the plaintiff himself, or if plaintiff willfully blockaded or obstructed the flow of water in the canal, then he could not recover.

It has been repeatedly held by the appellate courts of this state, that it is not error to refuse instructions asked which are substantially embodied in the instructions given.

In passing upon the foregoing assignments of error, we have examined and approved all instructions given by the court and excepted to by appellant, thereby disposing of the remaining assignments of error, relied upon by counsel for appellant.

There being no error of law, and the questions of fact having been settled by the verdict of the jury, the judgment will not be disturbed.   *Affirmed.*